# Mister, Appellant, *v.* Burkholder.

*Corporations—Foreign corporations—Liability of stockholder—Statute of limitations—Foreign law—Conflict of laws.*

In an action by the receiver of a Maryland corporation against stockholders to enforce a statutory liability, the Pennsylvania courts must, under the Pennsylvania Act of June 26, 1895, P. L. 375, which provides "that when a cause of action has been fully barred by the laws of the state or country in which it arose such bar shall be a complete defense to an action thereon" in Pennsylvania, apply the Maryland statutes as construed by the courts of that state.  If the Maryland courts have decided that the statute of limitations begins to run in favor of the stockholders only from the date of the order directing the receiver to bring suit, and not from the date of the decree adjudicating the corporation as insolvent, the Pennsylvania courts must conform to this decision; and this is the case although the decision was not rendered until after the case was tried in the lower court in Pennsylvania, and the appeal argued in the appellate court.

Argued Oct. 23, 1913.  Appeal, No. 206, Oct. T., 1913, by plaintiffs, from judgment of C. P. Franklin Co.,

Feb. T., 1913, No. 24, for defendant on case tried by the court without a jury in suit of Beverly W. Mister et al., Receivers of the Farmers Trust, Banking & Deposit Company (a corporation under the laws of Maryland) v. Joseph A. Burkholder, Administrator c. t. a. of L. D. Burkholder, deceased. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Reversed.

Assumpsit against a stockholder to enforce statutory liability.

The case was tried by GILLAN, P. J., without a jury under the Act of April 22, 1874, P. L. 109.

From the record it appeared that the defendant was a stockholder of the Farmers Trust, Banking & Deposit Company, an insolvent Maryland corporation. Under the Maryland statute stockholders of such a corporation are liable to the creditors of the company in case of insolvency. The company was adjudicated insolvent on October 9, 1907. On March 23, 1910, an order was made directing the receiver to institute suits against the stockholders. The defendant claimed that the Maryland statute of limitations, which is three years, was applicable from October 9, 1907. The trial judge took this view and entered judgment for defendant.

Other facts appear by the opinion of the Superior Court.

*Error assigned* was in entering judgment for defendant.

*J. Edgar Small* and *Charles Walter*, with them *Arthur W. Gillan*, for appellants.

*William S. Hoerner*, with him *D. Edward Long*, *J. A. Strite* and *Sharpe & Elder*, for appellee.

OPINION BY HEAD, J., April 20, 1914:

The defendant is the owner of thirteen and one-half shares of the capital stock of a corporation created under the laws of the state of Maryland. By proceedings

duly taken in the proper court of that state, it was adjudicated on October 9, 1907, that the said corporation was insolvent and the present plaintiffs were appointed receivers for the purpose of winding up the corporate business.

The receivers at once took over all of the assets of said corporation, proceeded to convert them into cash and apply them to the payment of the corporate debts which had meanwhile been ascertained. On March 23, 1910, they exhibited to the court which had appointed them a statement of the affairs of the insolvent corporation and asked for and obtained a decree of that court authorizing and directing them to institute suits against the stockholders of said corporation to recover from them and each of them "25% of the full amount of the stockholders' liability under the law." Pursuant to that decree the present action was in December, 1912, brought in the court of common pleas of Franklin county in this state, and the defendant was duly served in that jurisdiction.

The statute of Maryland, on which the plaintiffs rest their claim and which they offered in evidence, provides, inter alia, that "the stockholders (of corporations of the class to which the one in question belongs) shall be held individually responsible, equally and ratably, and not one for the other, for all contracts, debts, etc., of every such corporation to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such stock . . . . and the liability of such stockholder shall be an asset of the corporation for the benefit ratably of all the depositors and creditors of any such corporation, if necessary to pay the debts of such corporation, and shall be enforceable only by appropriate proceedings by a receiver, assignee, etc., acting under the orders of a court of competent jurisdiction." When this statute and the records referred to were offered in evidence and admitted, the plaintiffs had made out their case prima facie.

The defendant relies on the general statute of limitations of the state of Maryland, which was also offered in evidence. It provides that "All actions (of the class embracing the present suit) shall be commenced, sued or issued within three years from the time the cause of action accrued." The issue is thus clearly drawn. The plaintiffs contend their cause of action accrued only with and because of the order of the court March 23, 1910, authorizing and directing them to sue the stockholders for a definite proportion of the amount for which the statute made them conditionally liable. If. this be the correct interpretation of the liability act, this suit, begun in December, 1912, was not barred by lapse of time. The defendant, with equal earnestness, contends that the cause of action arose with the adjudication that the corporation was insolvent, to wit, in October, 1907. Manifestly, if this view be sound, the bar of the statute is a complete protection to the defendant. The interpretation of these statutes is therefore the controlling question to be determined by us.

Under ordinary circumstances the courts of Pennsylvania, in construing a foreign statute, would adopt such lines of reasoning as would lead to a conclusion in harmony with the general principles of law and equity recognized in our own system of jurisprudence. In seeking such conclusion we would certainly be at liberty to search the decisions in other jurisdictions to see how far, if at all, similar statutes had been construed and interpreted by other courts and to adopt and follow the reasoning of those decisions in so far as it appeared to us to be sound and convincing. The able counsel, who represent the parties to this contention, have referred us to many foreign statutes, more or less resembling those before us, and to the decisions of federal and state courts construing such statutes.

In the present case, however, our field of inquiry, as we view it, is restricted by reason of our own Act of June 26, 1895, P. L. 375. It declares "That when a

cause of action has been fully barred by the laws of the state or country in which it arose, such bar shall be a complete defense to an action thereon brought in any of the courts of this Commonwealth." Since the argument of this appeal the court of appeals of the state of Maryland has declared the true interpretation of the two statutes we have referred to as the one is affected by the other. The action in which this decision was rendered is absolutely identical in every respect with the one under consideration. It was a suit by the same receivers who are here plaintiffs seeking to enforce against another stockholder of the same corporation the same statutory liability on which the present action is founded. The defendant there, as here, relied on the bar of the limitation act from which we have quoted, and there, as here, urged that the cause of action arose with the decree determining the insolvency of the corporation. According to the report of that case, furnished us by the appellant after notice, the Maryland court, speaking by Mr. Justice BURKE, said: "With regard to the plea of limitation, only a word need be said. The obligation of the defendant to pay accrued on March 23, 1910, the date of the order. The statutory liability is declared to be an asset of the corporation for the benefit ratably of all its depositors and creditors, if necessary to pay the debts of the corporation. Manifestly there is no obligation upon the stockholder to pay anything until the amount he is required to pay has been determined by an order of a court of competent jurisdiction. No matter what the rule may be in other jurisdictions, the reasonable and just rule to be applied to cases of this nature is that the statute of limitations begins to run only from the date of the order fixing the amount to be paid by the stockholder. . . . We therefore hold . . . . that the statute of limitations does not constitute a bar to this suit:" Mister et al., Receivers, v. J. Fenton Thomas. Reported in the Daily Record of Saturday, January 24, 1914.

As we have stated, neither the learned judge below nor counsel had the benefit of this decision when the case was tried, or even when this appeal was argued. It is therefore urged upon us that we should give no heed to it and ought to dispose of the case in the light only of what was before the court below when the judgment appealed from was entered. There has been no change in the law of the state of Maryland since the case was tried. The same statutes then in existence, and offered in evidence, are controlling now as they were then. The court, in the case referred to, has not undertaken to establish any new law, but has merely declared what the law has been ever since the enactment of the statute referred to. We can see no sound reason therefore why we are not at liberty to adopt and follow the reasoning of the Maryland court, and it appears to us, in the light of our own statute, there is every propriety in our doing so. We must therefore conclude the learned judge below fell into error in holding that the present action was barred by reason of the Maryland statute of limitations.

The judgment is reversed and the record is remitted to the court below with direction to enter judgment in favor of the plaintiffs for the amount of the assessment unless other cause, legal or equitable, to the contrary be shown. The costs of this appeal to be paid by the appellee.