BOWERS *v.* HOLABIRD, EXRX.

(Decided October 28, 1935.)

*Mr. Charles E. Scott, Messrs. Weaver & Weaver* and *Messrs. Winston, Strawn & Shaw,* for plaintiff in error.
*Messrs. Newcomer & Parker,* for defendant in error.

LLOYD, J. On May 24, 1915, The Holabird Manufacturing Company, an Illinois corporation, then having its office and place of doing business in Chicago, and William A. Holabird, then a resident of Chicago, Illinois, executed and delivered to H. T. Bowers, who then was and continuously thereafter has been a resident of Chicago, a promissory note for $300 due thirty days after date and payable at the office of the Old Colony Trust & Savings Bank in Chicago.

The last payment claimed to have been made on the note is in dispute, the executrix, Florence W. Holabird, defendant in error here, claiming that the controverted payment of $25.00 was made on November 14, 1919. No endorsement of this amount appears on the note. On September 15, 1933, Bowers commenced an

action in the Court of Common Pleas against the executrix of the estate of Holabird, who died testate on July 10, 1932, to recover a judgment in the sum of $563.10, with interest thereon from June 24, 1933, the aggregate amount of principal and interest claimed to be due on the note. The executrix in her answer to the petition of Bowers alleged as a defense thereto: "that said note is barred by the statute of limitations of the State of Illinois, being the State in which said note was alleged to have been made and the State in which said note is payable and being barred in the State of Illinois is barred by the statute of limitations in the State of Ohio."

It was agreed at the trial in the Court of Common Pleas that the statutes of Illinois relating to the facts involved in the instant case read as follows, viz:

"Chapter 83, Smith-Hurd's Revised Statutes of Illinois:

"17. On writings—New Contract. Sec. 16. Actions on bonds, promissory notes, bills of exchange, written leases, written contracts, or other evidences of indebtedness in writing, shall be commenced within ten years next after the cause of action accrued; but if any payment or new promise to pay shall have been made, in writing, on any bond, note, bill, lease, contract, or other written evidence of indebtedness, within or after the said period of ten years, then an action may be commenced thereon at any time within ten years after the time of such payment or promise to pay. * * *

"19. Absence from state deducted—Exception. Sec. 18. If, when the cause of action accrues against a person, he is out of the state, the action may be commenced within the times herein limited, after his comming into or return to the state; and if, after the cause of action accrues, he departs from and resides out of the state, the time of his absence is no part of the time limited for the commencement of the action. But

the foregoing provisions of this section shall not apply to any case, when, at the time the cause of action accrued or shall accrue, neither the party against nor in favor of whom the same accrued or shall accrue, were or are residents of this state. (As amended by act approved April 11, 1873, p. 121.)''

Section 11234, General Code of Ohio, reads as follows:

''If the laws of any state or country where the cause of action arose limits the time for the commencement of the action to a less number of years than do the statutes of this state in like causes of action then said cause of action shall be barred in this state at the expiration of said lesser number of years.''

If the ten-year limitation provided in Section 17 of the Statutes of Illinois above quoted applies, and bars the enforcement of Bowers' cause of action, then the disputed $25.00 payment claimed by the executrix to have been made on the note on November 14, 1919, is unimportant, because the ten years computed from that date would have expired November 14, 1929, and the action sought to be brought by Bowers was not commenced until September 15, 1933, more than ten years after the date of the alleged payment.

If the Ohio statute of limitations applies, then the action was commenced in due time. If the Illinois statute governs, then it was not. Counsel for Bowers contend that:

''When Mr. Holabird left Illinois and took up his residence in Bryan, Ohio, in July, 1920, and Bowers still continued to be a resident of Illinois, that this case came in under Sec. 19 of Chapter 83, Smith-Hurd's Revised Statutes of Illinois, and that the running of the statutes was tolled. We had fifteen years in Ohio to start this action, unless it was barred in Illinois, but it was not barred in Illinois, and is not, and until and unless it is barred in Illinois we could

start a suit at any time within fifteen years in Ohio after November 14, 1919.''

The fallacy of this contention seems at once apparent. Either the Illinois or the Ohio statute of limitations applies—not both. Since all the parties resided in Illinois when and where the note was executed, delivered, and payable, and when and where the cause of action accrued, it would seem that the statute of limitations of that state necessarily must be the one to be regarded and applied.

The clear purpose of Section 19 of the Illinois statutes is to prevent an obligor upon any of the instruments enumerated in Section 17 thereof from claiming the benefit of the designated limitation of time within which an action thereon may be brought against him in Illinois unless he has actually resided there ten years either of continuous or cumulative duration after the cause of action accrues.

The statute of limitations is not a will-o-the-wisp that can fly from one state to another as fancy dictates. To hold that the Illinois limitation of ten years is superseded by the Ohio limitation of fifteen years, because the operation of the Illinois statute is suspended by Section 19, which requires the subtraction from the limitation period within which an action may be brought in that state of the time of absence therefrom prior to the expiration of the limitation, would create a strange paradox. If this construction were to be adopted, then, since the Illinois and not the Ohio statute of limitations must be held to apply to the alleged cause of action of Bowers, Holabird, while continuing to reside in Ohio, and regardless of how many years beyond ten years he had resided therein, could not claim the benefit of either the Illinois or Ohio statute of limitations in an action brought against him on the note in Ohio. Bowers had ten years in which to prosecute his cause of action in the state of Ohio. For some

reason he chose not to do so but to await the possible return of Holabird to Illinois. Now he is too late.

The judgment of the Court of Common Pleas is affirmed.

*Judgment affirmed.*

OVERMYER and CARPENTER, JJ., concur.