## Fletcher's Estate

*Elmer B. Gower* and *Alvin L. Little,* for exceptant.

*D. C. Reiley, Charles Z. Heskett, Richard W. Lins,* and *B. F. Madore,* contra.

WRIGHT, P. J., October 15, 1942. — Albert W. Fletcher, an esteemed citizen of Bedford, Pa., died testate on August 25, 1941. His grandson, Clarence P. Fletcher, presented as a claim against the estate a promissory note in the sum of $5,000, dated November 27, 1936, at Cumberland, Md., and payable on demand

at the First National Bank, of Cumberland, Md. This note is admittedly a Maryland contract. Payment thereof was resisted principally on the ground that it is barred by the statute of limitations. The matter is before the orphans' court upon exceptions to the report of the auditor, who refused to allow the note.

Statutes of limitation affect the remedy and not the substantive right and are determined by the law of the forum, that is, the law of the State in which the action is being tried: Otis et al., for use, v. Bennett, 91 F.(2d) 531. As a general proposition, an action not barred by the statute of limitations of the forum may be maintained even though barred (because of a shorter limitation period) in the State where the cause of action arose: A. L. I. Restatement of Conflict of Laws, §604. However, in Pennsylvania the Act of June 26, 1895, P. L. 375, provides that a cause of action barred by the laws of the State in which it arose shall also be barred in this State. Prior to the passage of this act the general proposition did apply in Pennsylvania: Sea Grove B. & L. Assn. v. Stockton, 148 Pa. 146. And the converse of the general proposition still applies, that is, where the limitation in Pennsylvania is for a shorter as opposed to a longer period in the other States: Rosenzweig, Admx., v. Heller, 302 Pa. 279.

Foreign law, that is the law of another State than Pennsylvania, must be alleged in the pleading and proved by evidence: A. L. I. Restatement of Conflict of Laws, §621. The only Maryland law which is regularly before us is the statute which establishes a three-year limitation in actions on promissory notes. In Pennsylvania this limitation period is admittedly six years. In Pennsylvania a demand note is due without formal request for payment and the statute of limitations begins to run when the note is made and delivered: Aarons v. Public Service B. & L. Assn. et al., 318 Pa. 113. While the Maryland law on this point is not regularly before us, yet it is admittedly similar.

It is evident that, being a Maryland contract and being over three years of age, the note in question is barred in Maryland and, therefore, under the Act of 1895, is also barred in Pennsylvania. However, claimant, Clarence P. Fletcher, contends that, although barred, the note was revived within the past three years by certain verbal statements of decedent. Viewed in the most favorable light from claimant's standpoint the evidence on this contention is as follows:

Joseph Bedinger, a personal friend of Clarence P. Fletcher, testified that claimant showed him the note in question at a birthday party in November 1936; that in the fall of 1941 A. W. Fletcher mentioned to him "that he had secured Clarence in the form of a note" and that he (Bedinger) assumed decedent referred to the note which he had seen; further, that A. W. Fletcher stated that this note covered his share in the business of the Fletcher Motor Company, intimating that it was an equal share and that he was indebted to Clarence P. Fletcher for that amount. Lloyd F. Wadsworth, claimant's father-in-law, testified that in the early fall of 1940 A. W. Fletcher told him that in the year 1936 he had given Clarence a note for $5,000; that decedent stated he owed Clarence and wanted to repay him for money Clarence had advanced when the business was started, and also for money withdrawn by him over a number of years. The law of the forum governs the competency of witnesses and the admissibility of testimony: A. L. I. Restatement of Conflict of Laws, §596. Being the claimant, Clarence P. Fletcher was not a competent witness under the Act of May 23, 1887, P. L. 158. The testimony of his wife, Frances A. Fletcher, was therefore inadmissible: Bitner, Exec., v. Boone, 128 Pa. 567. In any event this testimony went no further than that of Bedinger and Wadsworth.

In Pennsylvania to toll the statute of limitations there must be a clear and unequivocal acknowledgment

of the debt coupled with an express or implied promise to pay it: Markee v. Reyburn, Admr., 258 Pa. 277. To remove the bar of the statute of limitations the promise must be made to the claimant, or to his agent, and an admission to a mere stranger to the cause of action is not effective: Kyle v. Wells, 17 Pa. 286. It is obvious that the testimony offered by claimant to sustain his contention that the debt was revived and the statute of limitations was tolled falls far short of the requirements of the Pennsylvania cases.

If the testimony was sufficient to establish a revival of the debt and a tolling of the statute of limitations according to the Maryland decisions, as alleged by claimant's counsel, it was their duty to plead and prove this Maryland law in the regular way. If this had been done, it would have become necessary to decide whether the Pennsylvania or Maryland rule applied, which question we are not now determining. We do not propose to send this matter back to the auditor for the introduction of additional testimony.

As we are deciding the case upon the question of the statute of limitations, it is not necessary to discuss the secondary defense of failure of consideration. Since the defense offered sufficient testimony to rebut the presumption of consideration arising from the execution of the note, the burden would be upon claimant to establish consideration: First National Bank of Bangor v. Paff, 240 Pa. 513. There is considerable doubt whether under all the evidence claimant has sustained that burden.

We feel that our decision effects substantial justice. Decedent left a will which was very carefully drawn by a competent lawyer. In this will testator referred to his every asset, real and personal, and also made specific reference to his obligations. He did not refer to the note in question. Furthermore, in a financial statement given to a Bedford bank on May 31, 1941, decedent did not mention the note in question as one of his

liabilities. We do not believe that decedent would have forgotten or would have intentionally failed to mention the note of Clarence P. Fletcher if he had considered it a valid obligation. Payment of this note would practically exhaust the estate and would defeat the whole purpose of the will.

### Decree

Now, to wit, October 15, 1942, the exceptions to the report of the auditor in the estate of Albert W. Fletcher, deceased, are hereby dismissed and it is ordered that distribution of the estate be made in accordance with the auditor's decision. An exception is noted to Clarence P. Fletcher.