■ P. ANTOINETTE SUPPLEE, Respondent, v. WALTER S. HALLANAN, Appellant.— Order so far as appealed from unanimously modified so as to direct the Clerk of the Supreme Court to seal any and all papers filed in this action until the further order of said court and, as so modified, the said order is affirmed. No opinion. Concur — Rabin, J. P., Frank, Valente, McNally and Stevens, JJ.

## (March 11, 1958)

■ RUFINO TANDOC et al., Respondents, v. LUCKENBACH STEAMSHIP COMPANY, INC., Appellant. WILLIAM O. DYER et al., Respondents, v. LUCKENBACH STEAMSHIP COMPANY, INC., Appellant. VINCENTE AGUIRRE et al., Respondents, v. LUCKENBACH STEAMSHIP COMPANY, INC., Appellant.— Determination of the Appellate Term unanimously reversed and the judgments of the Municipal Court dismissing the complaints reinstated as a matter of law, with costs to the appellants in this court and in the Appellate Term. A cause of action created by Federal statute is, in the absence of a Federal Statute of Limitations, subject to the Statute of Limitations of the forum including the

"borrowing statute" of the forum. (*Cope* v. *Anderson*, 331 U. S. 461.) Section 13 of the Civil Practice Act provides that an action brought here by a nonresident is barred if barred by the laws of the State "where the cause of action arose". A cause of action arises when and where the breach occurs, even though the place of contracting be elsewhere. (*Hibernia Nat. Bank* v. *Lacombe*, 84 N. Y. 367, citing with approval and quoting from *Durham* v. *Spence*, L. R. 6 Ex. 46, 52, in which it was said: "The cause of action arises when that is not done which ought to have been done, or that is done which ought not to have been done. But the time when the cause of action arises, determines also the place where it arises; for when that occurs which is the cause of action, the place where it occurs is the place where the cause of action arises. I cannot avoid the conclusion that a cause of action arises where that takes place which first makes a cause of action; the contract does not make a cause of action; but a cause of action does arise when and where the person who has entered into the contract does or omits to do that which gives a cause of action." (But see dissenting opinion by KELLY, C. B., which would, as urged by plaintiffs here, look to the entire contract as well as the breach, to determine the "place" where the cause of action arose.) Hence, the wrongful discharges having occurred in California more than four years ago, the causes of action arose there and are barred by California law. (Cal. Code of Civ. Pro., §§ 337, 338.) Not to be confused is the construction or validity of a contract to which the conflict of laws principle would be applicable, but with which we are not now concerned. (Cf. 15 C. J. S., Conflict of Laws, § 11 with the analogous problem of venue, 92 C. J. S., Venue, § 10.) Settle order. Concur — Botein, P. J., Breitel, Rabin, Frank and McNally, JJ. [8 Misc 2d 893.]