**Gertrude J. BOHEM, Plaintiff,**

v.

**BUTCHER & SINGER, Defendant.**

**Civ. A. No. 74–1575.**

United States District Court,
E. D. Pennsylvania.

March 1, 1977.

Thomas B. Rutter, Lawrence M. Silverman, Philadelphia, Pa., for plaintiff.

Richard M. Shusterman, White & Williams, Philadelphia, Pa., for defendant.

MEMORANDUM AND ORDER

HANNUM, District Judge.

Presently before the Court is defendant's motion for summary judgment asserting the bar of the statute of limitations with respect to plaintiff's federal securities law cause of action. Since there is no diversity of citizenship between the parties, if defendant's motion is granted, plaintiff's pendant state law claims must also be dismissed. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

The complaint alleges that during the course of handling plaintiff's discretionary securities account with defendant, defendant's registered representative, Robert Kane, embezzled more than $35,000. from the account [1] and subjected the account excessive trading ("churning") solely for the purpose of generating additional commissions. These actions are alleged to violate Section 17(a) of the Securities Act of 1933,

1. This alleged embezzlement occurred through perpetration of fraud by Kane. Between 1967

and July 1970 Kane visited plaintiff at her house in order to conduct business. During

15 U.S.C. § 77q(a), Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and SEC rule 10b–5 thereunder, 17 C.F.R. § 240.10b–5, and Section 15(c)(1) of the Securities Exchange Act of 1934, 15 U.S.C. § 78o(c)(1) and SEC rules 15c1–2 and 15c1–7 thereunder, 17 C.F.R. §§ 240.-15c1–2, 15c1–7.

Defendant asserts that the claim is barred by the applicable Pennsylvania Statute of Limitations, which it contends is 70 P.S. § 1–504(a),[2] the three year but not more than one year from date of discovery statute of limitations contained in the Pennsylvania Securities Act. The action was filed June 21, 1974. It is averred in the complaint that the substantive facts of the cause of action occurred between 1967 and June of 1970,[3] and that plaintiff had no knowledge of the fraud prior to November, 1971.[4] (Thereby implying that plaintiff had knowledge of the fraud as of that date). If the Pennsylvania Blue Sky Law's statute of limitations applies, then the claim is barred. The Court must decide, therefore what statute of limitations is applicable to plaintiff's claims.

Although Congress mandated explicit statutes of limitations for the sections of the federal securities law which in terms provide for private causes of action,[5] the implied rights of action created by the federal courts for violations of other sections[6] of these laws are not so limited. Many courts have been confronted with the problems of determining which limitation period should be applied. The general rule which has evolved is that the timeliness of a federal cause of action for which no statute of limitations is provided, "is to be determined, as a matter of federal law, by reference to the appropriate state statute of limitations." *United Auto Workers v. Hoosier Cardinal Corp.*, 383 U.S. 696, 705, 86 S.Ct. 1107, 1113, 16 L.Ed.2d 192 (1966); *Cope v. Anderson*, 331 U.S. 461, 67 S.Ct. 1340, 91 L.Ed. 1602 (1947); *Campbell v. Haverhill*, 155 U.S. 610, 15 S.Ct. 217, 39 L.Ed. 280 (1894); *McCluny v. Silliman*, 28 U.S. (3 Pet.) 270, 7 L.Ed. 676 (1830).

With respect to implied private rights of action under the federal securities laws, the dilemma faced by most courts has been whether the applicable statute of limitations should be that provided for common law fraud or that contained in the state's Blue Sky Law. The period chosen should be "one which best effectuates the federal policy at issue." *Charney v. Thomas*, 372 F.2d 97, 100 (6th Cir. 1976). Early cases seemed to favor the common law fraud statute of limitations. *Charney v. Thomas, supra; Janigan v. Taylor*, 344 F.2d 781 (1st Cir. 1965); *Fratt v. Robinson*, 203 F.2d 627 (9th Cir. 1953). However, partly because of the advent of state Blue Sky statutes more closely resembling the federal securities laws, more recent decisions favor the Blue Sky statute of limitations. *Hudak v. Economic Research Analysts*, 499 F.2d 996 (5th Cir. 1974); *Parrent v. Midwest Rug Mills, Inc.*, 455 F.2d 123 (7th Cir. 1972); *Vander-*

this period, plaintiff issued 17 personal checks for the purchase of securities, 9 made payable to Butcher & Singer and 8 directly to Kane at Kane's request. These latter 8, totalling $36,-700.00, were apparently never used to purchase securities for plaintiff's account, but instead went directly into Kane's pocket.

2. 70 P.S. § 1–504(a) provides:

(a) No action shall be maintained to enforce any liability created under section 501 (or section 503 in so far as it relates to that section) unless brought before the expiration of three years after the act or transaction constituting the violation or the expiration of one year after the plaintiff receives actual notice or upon the exercise of reasonable diligence should have known of the facts constituting the violation, whichever shall first expire.

3. Complaint, ¶ 11.

4. Complaint, ¶ 19.

5. E. g. §§ 9(e) and 18 of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78i(e) and 78r, and §§ 11 and 12 of the Securities Act of 1933, 15 U.S.C. §§ 77k and 77l.

6. E. g. §§ 10(b) and 14 of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j and 78n. See, *Kardon v. National Gypsum Co.*, 69 F.Supp. 512 (E.D.Pa.1946); *J. I. Case Co. v. Borak*, 377 U.S. 426, 84 S.Ct. 1555, 12 L.Ed.2d 423 (1964).

boom v. Sexton, 422 F.2d 1233 (8th Cir. 1970). These decisions express sound policy and should be followed wherever there is an applicable state Blue Sky statute of limitations.

There is some question, however, whether the Pennsylvania Blue Sky statute of limitations is applicable to this case. In 1972, the Pennsylvania legislature passed a new Blue Sky law[7] to take effect January 1, 1973. Prior to that time there had been no Blue Sky statute of limitations and the 6 year fraud limitations period of 12 P.S. § 31 had been applied to federal securities law actions in Pennsylvania. Jennings v. Boenning & Co., 388 F.Supp. 1294 (E.D.Pa.1975); Tober v. Charnita, Inc., 58 F.R.D. 74 (M.D. Pa.1973). As previously stated, the operative facts of this litigation and the discovery of the fraud occurred before January 1, 1973.

■ Although it is clear that the Blue Sky limitations period should govern federal securities law causes of action such as this one which arise after January 1, 1973, it is equally clear that by the express terms of the New Pennsylvania Blue Sky law, the 6 year fraud statute of limitations should apply to this case. 70 P.S. § 1–704 covers applicability of prior law to situations occurring before January 1, 1973, providing in part,

(a) Except as expressly provided in this section, prior law exclusively governs all suits, actions, prosecutions or proceedings which are pending or may be initiated on the basis of facts or circumstances occurring before the effective date of this act.

(b) No civil suit or action may be maintained to enforce any liability under prior law unless brought within any period of limitation which applied when the cause of action accrued.

Subsection (a) is intended to govern prior substantive law, however, subsection (b) makes it abundantly clear that the prior statute of limitations should be applied to federal securities law causes of action accruing before January 1, 1973. Whether

the date of accrual in this case is taken to be the time of the fraudulent acts or the time when the plaintiff learned of them, the cause of action definitely accrued before January 1, 1973.

■ Defendant contends that the Court can take no cognizance of "grandfather clauses" such as 70 P.S. § 1–704(b), but may look only to the statute of limitations we are obligated to borrow contained in § 1–504, since "Pennsylvania has no power to legislate a period of limitations for federal claims." The nature of this argument is obscure. Of course a state never legislates with respect to any federal claims. State statutes and decisions are merely borrowed for use in federal courts and apply not of their own force but as matters of federal law. In borrowing a state statute of limitations in a case such as this, we borrow not only the statute itself, but supplementary statutes which modify its applicability to comport with fundamental fairness by limiting its retroactivity. "Retroactive legislation is so offensive to the Anglo-Saxon sense of justice that it is never favored." Appeal of Sawday, 369 Pa. 19, 85 A.2d 28 (1951).

Defendant also cites Benetz v. Photon, Inc., Civil Action No. 75–674 (E.D.Pa.) (Weiner, J.) as holding that 70 P.S. § 1–504 is fully retroactive. In fact it does not do so. Although in that case, the operative facts giving rise to the federal securities law cause of action occurred before January 1, 1973, the effective date of § 1–504, the earliest date alleged for discovery of the fraud was March, 1973. As observed in Benetz, under federal law, a cause of action does not accrue until the fraud is, or should have been discovered. Vanderboom v. Sexton, supra. Thus, in that case the cause of action accrued after the effective date of the new Blue Sky law, and its statute of limitations was properly applied. In the present case, however, the fraud was discovered and the cause of action accrued well before January 1, 1973, and the old 6 year statute of limitations should be applied.

7. The Pennsylvania Securities Act of 1972, 70 P.S. § 1–101, et. seq.

358

Federal court decisions in other states which have adopted the Uniform Securities Act [8] agree with the Court's conclusion that 70 P.S. § 1–504 is not to be retroactively applied in the situation presented by this case. *Bailey v. Piper, Jaffray & Hopwood, Inc.,* 414 F.Supp. 475 (D.Minn.1976); *Mooney v. Tallant,* 397 F.Supp. 680 (N.D.Ga. 1975); *Kramer v. Loewi & Co., Inc.,* 357 F.Supp. 83 (E.D.Wis.1973).

For the foregoing reasons, the 6 year statute of limitations of 12 P.S. § 31 is applicable to this case, the action was timely filed and defendant's motion for summary judgment must be denied.

8. The Pennsylvania Securities Act of 1972 is closely modeled on the Uniform Securities Act.