Walter G. REICHELT, Barbara J. Reichelt, Robert J. Delco and Jeanne M. Delco, Plaintiffs,

v.

UNITED STATES ARMY CORPS OF ENGINEERS and Indiana Department of Environmental Management, Defendants.

No. 2:93 cv 332.

United States District Court, N.D. Indiana, Hammond Division.

Aug. 2, 1996.

Michael L. Muenich, Hand Muenich Wilk and Reid, Highland, IN, for Plaintiffs.

Timothy Burns, Natalie M. Duval, U.S. Department of Justice, Environmental De-

fense Section, Washington, DC, for Defendant.

## ORDER

RODOVICH, United States Magistrate Judge.

This matter is before the court, on the Motion for Leave to File Amended Answer Adding Counterclaims filed on behalf of the defendant, the United States Army Corps of Engineers, on April 25, 1995. For the reasons set forth below, the motion is **GRANTED.**

### Background

A motion for summary judgment was granted in favor of the United States Army Corps of Engineers on February 14, 1996, for claims brought pursuant to the Clean Water Act, 33 U.S.C. §§ 1251–1387. The facts were detailed in that Order. While that motion was pending, the Army Corps filed this motion to amend in order to add counterclaims pertaining to an enforcement action.

The plaintiffs oppose the motion. They contend that justice does not require that leave be granted and that the statute of limitations has expired for any enforcement actions the Army Corps wishes to pursue. In addition, they claim that only the Environmental Protection Agency, and not the Army Corps, has the authority to bring an enforcement action. The Army Corps maintains that the statute of limitations has not expired, that it has the authority to bring an enforcement action, and that justice requires that leave to amend be granted.

### Discussion

■ The plaintiffs first argue that the enforcement action is barred by the statute of limitations. The parties agree that the statute of limitations is five years pursuant to 28 U.S.C. § 2462, which provides:

Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued....

It is likely that the limitations period in 28 U.S.C. § 2462 applies to both the legal and equitable relief claims. *See Cope v. Anderson,* 331 U.S. 461, 464, 67 S.Ct. 1340, 1341, 91 L.Ed. 1602 (1947) ("equity will withhold its relief ... where the applicable statute of limitations would bar the concurrent legal remedy."); *Nemkov v. O'Hare Chicago Corporation,* 592 F.2d 351, 354–55 (7th Cir. 1979); *United States v. Windward Properties,* 821 F.Supp. 690, 693 (N.D.Ga.1993). However, even if the equitable relief sought by the Army Corps is not subject to 28 U.S.C. § 2462, as several courts have held, the doctrine of laches would not prevent the Army Corps from filing its counterclaim. *See United States v. Hobbs,* 736 F.Supp. 1406, 1410 (E.D.Va.1990) (by its terms, 28 U.S.C. § 2462 only applies to suits for civil penalties and not to suits for equitable relief); *North Carolina Wildlife Federation v. Army Department,* 29 Env't Rep. Cas.1941, 1944, 1989 WL 106517 (E.D.N.C.1989). The doctrine of laches applies to cases where equitable relief is sought. Laches requires dismissal if a party did not pursue the case diligently and the other party is prejudiced. *Holmberg v. Armbrecht,* 327 U.S. 392, 396, 66 S.Ct. 582, 585, 90 L.Ed. 743 (1946); *Federal Deposit Insurance Corporation v. Knostman,* 966 F.2d 1133, 1139 (7th Cir.1992); *Smith v. Duckworth,* 910 F.2d 1492, 1494 (7th Cir.1990). For the reasons explained below, there is no showing of a lack of diligence on the part of the Army Corps and the plaintiffs are not prejudiced by permitting the Army Corps to file its enforcement action. Thus, the equitable claims would not be barred if the doctrine of laches was applied.

The parties disagree as to the meaning of the phrase "first accrued." The plaintiffs claim that the statute of limitations began to run when the Army Corps knew or reasonably should have known of the violation, which would have been in the Spring of 1989, when the violations were detectable. In that case, the statute of limitations would have expired in the Spring of 1994. Or, at the very latest, the plaintiffs contend that the Army Corps knew of the facts pertaining to the proposed enforcement action on Novem-

ber 3, 1989. On that date, an employee of the Indiana Department of Environmental Management called the Army Corps and told it of a possible violation. In that case, the statute of limitations would have expired on November 3, 1994.

■ The Seventh Circuit has found that the date of accrual is the date that the violations were discovered. *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th Cir.1990). In other words, "[u]ntil [a party] knows that he has been injured and by whom or by what, he has no reason to take steps to determine whether he might have a legal claim." *Goodhand v. United States*, 40 F.3d 209, 212 (7th Cir.1994). This is the "discovery rule" that is read into statutes of limitations in federal question cases unless Congress directs otherwise.

Other courts also have applied the discovery rule. A policy that a claim accrues when a violation occurs would encourage polluters to hide the discharges until the statute of limitations expires. *See United States v. Aluminum Company of America*, 824 F.Supp. 640, 645–46 (E.D.Tex.1993); *United States v. Windward Properties, Inc.*, 821 F.Supp. 690, 694–95 (N.D.Ga.1993); *United States v. Hobbs*, 736 F.Supp. 1406, 1409–10 (E.D.Va. 1990). *Compare United States v. Telluride Company*, 884 F.Supp. 404, 408 (D.Colo. 1995). The issue is when the violations were "discovered".

■ Although the Army Corps received a phone call on November 3, 1989, reporting a possible violation, the Army Corps could not have known whether there was a violation without investigating the site and reviewing the findings Without such investigation and review, citizens could be accused wrongly of violating the Clean Water Act. On November 7, 1989, the Army Corps visited the site, recorded its findings, and took photographs of the area. At that point, it only was suspected that a violation existed. It was not until November 20, 1989, that the investigation report, complete with maps, sketches, and photographs, was finished. Neither party would know definitively whether a violation existed until the investigation report, synthesizing all of the relevant materials, was prepared and evaluated. Indeed, the regulations require that the District Engineer must determine whether a suspected violation is an actual violation prior to any enforcement action. 33 C.F.R. § 326.3(c). At the earliest, the violation was discovered when the report was completed on November 20, 1989, causing the statute of limitations to lapse on November 20, 1994. It must be determined whether something occurred that prevented the Army Corps from filing its counterclaim before November 20, 1994.

■ Something did occur that prevented the Army Corps from filing before November 20, 1994. In a letter dated November 15, 1994, the plaintiffs agreed to toll the statute of limitations for 90 days following the disposition of the pending summary judgment motions. (Army Corps' Exhibit 4) The tolling doctrines, equitable tolling and equitable estoppel, stop the statute of limitations from running. Equitable estoppel applies when a party takes steps to prevent the other party from filing in time. *Cada*, 920 F.2d at 450. For example, by promising not to plead the statute of limitations, equitable estoppel will toll the statute of limitations. *Cada*, 920 F.2d at 450–51; *Goodhand*, 40 F.3d at 213. Because the plaintiffs agreed to toll the statute of limitations, they induced the Army Corps into not filing its counterclaim before November 20, 1994. The Army Corps exercised due diligence. If the plaintiffs had not agreed to toll the statute of limitations, the Army Corps could have filed its counterclaim before November, 20, 1994. It would be unfair for the plaintiffs to say now that the Army Corps missed the filing deadline when they agreed to the proposition. Thus, equitable estoppel prevents the statute of limitations from expiring on November 20, 1994.

Equitable estoppel does not prejudice the plaintiffs because they fully were aware that the United States was planning on filing an enforcement claim if a settlement could not be reached. They were warned on many occasions through correspondence that the enforcement action would not be pursued until the after-the-fact permit application process was resolved. If the permit was issued, there would be no reason to proceed

with an enforcement action. (*See* Administrative Record, Tabs 8, 11, 27, 76)

■ The plaintiffs' second argument is that the Army Corps does not have the authority to bring an enforcement action. They argue that the Clean Water Act authorizes only the Administrator of the Environmental Protection Agency to bring civil actions. 33 U.S.C. § 1319(b). The regulations provide that the Army Corps is authorized to refer cases to the United States Attorney. 33 C.F.R. § 326.5(c). In this case, the brief was submitted by Lois J. Schiffer, Assistant Attorney General. In addition, the Memorandum of Agreement Between the Department of the Army and the Environmental Protection Agency Concerning Federal Enforcement for the Section 404 Program of the Clean Water Act ("Memorandum") provides that the Army Corps will be the lead enforcement agency for unpermitted discharge violations. (Memorandum, II.D.) The lead enforcement agency determines the appropriate enforcement responses. (Memorandum, III.E.) The purpose of dividing the responsibilities between the agencies is to "strengthen the Section 404 enforcement program by using the expertise, resources and initiative of both agencies in a manner which is effective and efficient in achieving the goals of the [Clean Water Act] ." (Memorandum, I.) The only court to decide this issue has held that the Environmental Protection Agency properly delegated its authority to the Army Corps. *United States v. Kelcourse,* 721 F.Supp. 1472, 1478 (D.Mass. 1989). The court did an exhaustive analysis of the legislative history and determined that the Environmental Protection Agency has the authority to delegate its enforcement authority and that by doing so, it furthers the purpose of the Clean Water Act to "restore and maintain ... the Nation's waters" while simultaneously minimizing paperwork, interagency decision procedures, duplication, and unnecessary delays. 33 U.S.C. §§ 1251(a) and (f).

Because the plaintiffs, first two arguments have not prevailed, it is necessary to determine whether leave to amend should be granted. The plaintiffs argue that justice does not require that leave be granted to amend the answer. They claim that in a letter dated March 1, 1990, the Army Corps recognized that it had an enforcement action against the plaintiffs but chose not to pursue it at that time. The Army Corps maintains that it would have been premature to bring the enforcement action before the resolution of the summary judgment motions.

Federal rule of Civil Procedure 15(a) provides:

> [A]party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Whether justice requires that leave be granted in within the discretion of the district court. *Sanders v. Venture Stores, Inc.,* 56 F.3d 771, 773 (7th Cir.1995); *Thompson v. Boggs,* 33 F.3d 847, 853 (7th Cir.1994); *Daugherity v. Traylor Brothers, Incorporated,* 970 F.2d 348, 351 (7th Cir.1992). The Seventh Circuit has stated that "leave will generally be given." *Amendola v. Bayer,* 907 F.2d 760, 764 (7th Cir.1990). Leave will not be granted where

> there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment.
> *Perrian v. O'Grady,* 958 F.2d 192, 194 (7th Cir.1992) (*quoting Villa v. City of Chicago,* 924 F.2d 629, 632 (7th Cir.1991))

*See generally Morissette v. Peters,* 45 F.3d 1119, 1123 (7th Cir.1995) (discussing Rule 15(a)).

■ A party seeking leave to amend after a delay must explain the reason for the delay. *Brom v. Bozell, Jacobs, Kenyon & Eckhardt, Incorporated,* 1993 WL 313049, at *2 (N.D.Ill.1993). "Undue delay is a proper reason for denying leave to amend only when the delay has caused the opposing party prejudice." *Cement Masons' Pension Fund, Local 502 v. Clements,* 1993 WL 398643, at *2 (N.D.Ill.1993); *Textor v. Board of Regents of Northern Illinois University,* 711 F.2d 1387, 1391 (7th Cir.1983). "[W]here a previously unasserted claim is based on facts already

known to the parties, no prejudice exists." *Clements* at *2. If prejudice is established, the court must balance the prejudice against the hardship to the moving party.

The Army Corps explained that the delay in filing its counterclaim was a result of waiting to settle the case or, in the alternative, receiving a ruling on the summary judgment motions. Then, the plaintiffs agreed to toll the statute of limitations. This does not suggest bad faith on the part of the Army Corps. The Army Corps was trying to resolve the issue through settlement, and it did not want to incur expenses if the enforcement action would prove unnecessary. As previously explained, the plaintiffs are not prejudiced by the actions of the Army Corps because they were well aware of its intention to bring an enforcement action if the permit was denied and no settlement was reached. Because the plaintiffs will not be prejudiced, and the delay was not a result of bad faith, justice requires that leave be granted to amend the counterclaims.

For the foregoing reasons, the Motion for Leave to File Amended Answer Adding Counterclaims filed on behalf of the defendant, the United States Army Corps of Engineers, on April 25, 1995, is **GRANTED**.