Oliver CASSELL, Appellant,

v.

Earl C. TAYLOR, Appellee.

No. 13443.

United States Court of Appeals, District of Columbia Circuit.

Argued March 11, 1957.

Decided April 18, 1957.

---

**260**

Mr. Carlisle E. Pratt, Washington, D. C., with whom Mr. Verginald L. Dolphin, Washington, D. C., was on the brief, for appellant.

Mr. M. S. Mazzuchi, Washington, D. C., was on the brief, for appellee.

Before WASHINGTON, BASTIAN and BURGER, Circuit Judges.

BURGER, Circuit Judge.

Appellee obtained a compensation award in 1940 for an injury suffered in the course of appellant's employment. The compensation order directed the appellant-employer and his insurance carrier to pay appellee some $3,100, and this order became final after the expiration of 30 days, no appeal having been taken therefrom. Prior to the issuance of the award the insurance carrier had made voluntary payments to appellee totaling approximately $1,000. Appellee received a further partial settlement when the carrier was adjudicated a bankrupt shortly after the award, which left an unpaid balance on the order, when computed with applicable penalty provisions, of $1,668.42. In 1956, or 16 years after the award was made, appellee brought this suit in the District Court under 33 U.S.C.A. § 921(c)[1] to enforce the order against his employer and subsequently received a judgment for the above sum.

Appellant appeals from this judgment on the grounds (1) that a legal judgment on an unpaid compensation order can be entered only under 33 U.S.C.A. § 918,[2] and (2) even if section 921 (c) be construed as affording a judgment remedy, that appellee's action is barred by the District of Columbia three-year general statute of limitations.[3]

Congress provided alternative procedures to enforce final compensation awards. Section 918 instructs the court to enter judgment upon the filing of a supplementary order, issued by a deputy commissioner after "investigation, notice, and hearing," which certifies the amount in default. Harris v. Britton, 1954, 95 U.S.App.D.C. 32, 218 F.2d 45. Section 921(c), on the other hand, enables the court upon application of a beneficiary of the award to "enforce obedience to the [original] order by writ of injunction or by other proper process, mandatory or otherwise, to enjoin upon [the employer] * * * compliance with the order." See Turner v. Christian Heurich Brewing Co., 1948, 83 U.S. App.D.C. 333, 169 F.2d 681. A vital difference between these two provisions is that section 921(c) contains no time limitation on the enforcement procedure, whereas there is a one-year limitation running from the time of default on actions commenced under section 918. Ap-

1. 44 Stat. 1436 (1927), as amended, 33 U.S.C.A. § 921. This section is part of the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1424 (1927), as amended, 33 U.S.C.A. § 901 et seq., which Act has been adopted as the compensation law for the District of Columbia. D.C.Code, § 36-501 (1951 ed.).

2. 44 Stat. 1434 (1927), as amended, 33 U.S.C.A. § 918.

3. D.C.Code § 12-201 (1951 ed.). The statute provides: " * * * and no action the limitation of which is not otherwise specially prescribed in this section shall be brought after three years from the time when the right to maintain such action shall have accrued * * *". This provision is sufficiently broad to include enforcement actions of federally created rights.

pellee was thus clearly barred from procuring a judgment under section 918 at this late date.

Although it is doubtful whether section 921(c) was designed to furnish a judgment among its enforcement remedies, it is not necessary to decide that question. Assuming such legal relief can be granted under 921(c), we hold this forum's three-year statute of limitations precludes the maintenance of this action. Appellant argues that the general law of this forum cannot bar a special statutory proceeding to enforce an administrative award. It is true that where the federal statute creating the right provides a limitation on its enforcement, this limitation controls over a conflicting local law. Young v. United States, 1950, 87 U.S.App.D.C. 145, 184 F.2d 587, 21 A.L.R.2d 1458. Congress, however, did not prescribe a limitation period for the 921(c) enforcement procedure. In the absence of such a provision the applicability of a forum's statute of limitations turns on the nature of the right to be enforced and the available remedies. If the action can be characterized as one of law, federal courts have consistently interpreted congressional silence as inferring a "federal policy to adopt the local law of limitation." Holmberg v. Armbrecht, 1946, 327 U.S. 392, 395, 66 S.Ct. 582, 584, 90 L.Ed. 743. Likewise, "where the equity jurisdiction is exclusive and is not exercised in aid or support of a legal right,

state statutes of limitations barring actions at law are inapplicable * * * [and] the federal court * * * applies the doctrine of laches as controlling." Russell v. Todd, 1940, 309 U.S. 280, 289, 60 S.Ct. 527, 532, 84 L.Ed. 754. In those instances where the court has concurrent jurisdiction to grant either equitable or legal relief in the enforcement of the asserted obligation, equity follows the law and the equitable remedy will be withheld if the local statute of limitations would bar the concurrent legal remedy. Cope v. Anderson, 1947, 331 U.S. 461, 67 S.Ct. 1340, 91 L.Ed. 1602.

Appellee here attempted to enforce his legal right by invoking the procedures of section 921(c), asking for an injunction and "such other and further relief as the nature of the case may require." He received a judgment for the unpaid balance of the award. Whether this action be considered purely legal or one in which the court had concurrent jurisdiction in law and equity, the District of Columbia statute of limitations applies.[4] Filson v. Fountain, 1952, 90 U.S.App. D.C. 273, 197 F.2d 383. Appellee's suit having been instituted more than three years after his action accrued, the lower court erred in failing to dismiss it.

The judgment is reversed and the case remanded with directions to dismiss the complaint.

Reversed.

4. The record discloses no explanation for appellee's prolonged delay in asserting his enforcement remedies. If this were an equitable petition, the 16 years unexplained delay, except in extraordinary circumstances, would suggest a laches barrier difficult to overcome. See, e. g., United States ex rel. Arant v. Lane, 1919, 249 U.S. 367, 39 S.Ct. 293, 63 L.Ed. 650; cf. Czaplicki v. The Hoegh Silvercloud, 1956, 351 U.S. 525, 533, 76 S.Ct. 946, 100 L.Ed. 1387.