William G. CARMICHAEL, Plaintiff,

v.

Thomas J. EGAN et al., Defendants.

Civ.A. No. 76–0433.

United States District Court,
District of Columbia,
Civil Division.

May 26, 1977.

466

Jay T. French, Becker, Channell, Becker & Feldman, Washington, D.C., for William G. Carmichael.

Maurice J. Montaldi, Washington, D.C., for Thomas J. Egan, as Executor of the Estate of Paul J. Rohrich, Deceased.

Kenneth Wells Parkinson, Washington, D.C., for Answering Service, Inc., A Delaware Corp., Richard V. McNamara and Frances J. Bowman, intervenors-defendants.

## MEMORANDUM OPINION

JOHN H. PRATT, District Judge.

This matter is before the Court on cross motions for summary judgment. Plaintiff seeks judgment against defendant Answering Service, Inc. (Answering) or, alternatively, against defendant Thomas J. Egan, the Executor of the Estate of Paul J. Rohrich, for fraud and negligence in the transfer of certain overissued Answering stock. Plaintiff further seeks judgment against Answering for breach of contract arising out of the same stock transaction; for an order of this Court requiring Answering to issue to plaintiff a valid certificate for ten (10) shares of its capital stock; and for an accounting for all dividends paid on said stock since October 9, 1961.

Defendant Egan, executor of the Estate of Paul J. Rohrich, who died on December 7, 1975, seeks summary disposition alleging that plaintiff's claims are barred by the applicable statutes of limitations and the doctrine of laches; that the alleged transfer of the stock to plaintiff constituted an attempted testamentary disposition and is void under the Statute of Wills; and that plaintiff did not provide sufficient consideration to enable him to maintain the action.

Defendants Answering, Richard V. McNamara, and Francis J. Bowman seek summary judgment alleging, *inter alia,* that plaintiff is estopped to assert the validity of the stock certificate at issue. These final three defendants have also filed a counterclaim to have the stock certificate in plaintiff's possession cancelled and returned to the corporation. Defendant Answering has filed a cross-claim against the Rohrich estate for indemnification for any of the plaintiff's claims.

## STATEMENT OF FACTS

In 1953, plaintiff was employed by one Wesley Steele as Director of Sales Promotion of Answering, Inc.,[1] a wholly-owned subsidiary of the defendant corporation.[2] Plaintiff was continuously employed by both these corporations in various capacities from 1953 until his resignation in November of 1964.

On October 9, 1961, plaintiff received a certificate representing ten (10) shares of Answering stock. This certificate was given to plaintiff by Rohrich in the presence of Steele as a bonus for his past services. Upon the certificate appear the signatures of Wesley J. Steele, President, and Paul J. Rohrich, Secretary/Treasurer. The physical genuineness and authenticity of the certificate is not in dispute.

Sometime later that year (1961) plaintiff deposited the stock certificate in his safe deposit box where it remained until the time of Rohrich's death in December 1975.[3] During that fourteen-year period plaintiff did not communicate orally or in writing with the corporation respecting his claim that he was the owner of ten shares of its

1. Answering, Inc., a Delaware corporation was formed in 1949 by Paul J. Rohrich and Wesley J. Steele. All authorized stock (250 shares) was issued to Rohrich and Steele.

2. The defendant corporation, now the parent Delaware company, was formed in 1958. Upon formation, its total authorized stock (also 250 shares) was issued to Steele and Rohrich, as joint tenants with right of survivorship. The issuance of this stock occurred on January 2, 1959. The defendant corporation's authorized stock was not increased until January 1, 1971, at which time Rohrich, representing himself to be the sole shareholder, amended its Articles of Incorporation to increase the authorized shares from 250 to 1,250 shares. Francis J. Bowman and Richard V. McNamara each purchased ten (10) shares of the newly authorized stock on November 18, 1971.

3. Wesley J. Steele died previously on March 26, 1970. On that date, Rohrich, pursuant to the aforementioned survivorship agreement, became the sole owner of the 250 shares of Answering stock.

capital stock; nor did plaintiff exercise any of his rights as a stockholder, such as attending annual or directors' meetings, inquiring as to the issuance of dividends, or requesting an accounting of the corporation's annual revenues. Plaintiff did not reflect the receipt of the stock on his 1961 federal income tax return or any federal tax returns filed in subsequent years.

Plaintiff believed this stock to have no value until the deaths of Rohrich and Steele. Rohrich and Steele did not, at the time the certificate was given to plaintiff or at any later date, indicate to plaintiff the market value of the stock. However, plaintiff asserts that his acquaintance, Mr. Best, told him on the day the stock was tendered to plaintiff by Rohrich and Steele, that Rohrich told Best the stock was to be valued at $40,000. This value is, however, not reflected in the affidavit of Mr. Best which is a part of the record herein.

Shortly after Rohrich's death, plaintiff contacted the defendant corporation to ascertain the value of and to redeem the stock. Plaintiff was informed that the stock which he had received was issued in excess of the number of shares permitted to be issued by Answering's Articles of Incorporation and hence was overissued and void. Answering then requested that plaintiff return the certificate so that it might be cancelled. Plaintiff refused to comply and this action ensued.

I. *Plaintiff's Claims are Barred by the Statute of Limitations.*

As a threshold matter, this Court must determine whether plaintiff is barred from bringing this action by the applicable statute of limitations or by the doctrine of laches. We conclude that each cause of action proposed by plaintiff is so barred for the reasons hereinafter set forth.

■ In diversity actions, absent a federal statute of limitations, the applicability of a forum's statute of limitations depends upon the nature of the right to be enforced and the available remedies. *Cassell v. Taylor,* 100 U.S.App.D.C. 153, 243 F.2d 259, 261 (1957). If the action is one at law, the

courts have construed congressional silence as implying a "federal policy to adopt the local law of limitation." *Holmberg v. Armbrecht,* 327 U.S. 392, 395, 66 S.Ct. 582, 584, 90 L.Ed. 743 (1946).

■ However, "where the equity jurisdiction is exclusive, and is not exercised in aid or support of a legal right, state statutes of limitations barring actions at law are inapplicable * * * [and] the federal court * * * applies the doctrine of laches as controlling." *Russell v. Todd,* 309 U.S. 280, 289, 60 S.Ct. 527, 532, 84 L.Ed. 754 (1940).

■ When an action arises in which the court has concurrent jurisdiction to grant either equitable or legal relief, "equity will withhold its relief where the applicable statute of limitations would bar the concurrent legal remedy." *Cope v. Anderson,* 331 U.S. 461, 464, 67 S.Ct. 1340, 1341, 91 L.Ed. 1602 (1947).

■ In this action, our concurrent jurisdiction has been invoked and we are governed by the District of Columbia statute of limitations, D.C.Code 1973, as amended, § 12–301. We will consider its application to each of the alleged causes of action seriatim.

A. *The Claim of Fraud.*

■ Plaintiff alleges that the overissue of the defendant corporation's stock constituted fraud. In the District of Columbia, the statute of limitations for fraud is three (3) years. D.C.Code § 12–301. The statute does not begin to run until the fraud has been discovered or until the plaintiff by exercise of ordinary care might reasonably have discovered it. *Hartford Life Ins. Co. v. Title Guarantee Co.,* 172 U.S.App.D.C. 156, 520 F.2d 1170 (1975); *Fitzgerald v. Seamons,* 384 F.Supp. 688 (D.D.C.1975).

Plaintiff alleges that he did not discover the fraud relating to the stock transfer until February 18, 1976, when he was informed by defendant Answering's counsel that the certificate which he had received was overissued and void. Plaintiff filed the

complaint in this action on March 16, 1976, and alleges that the statute does not bar the Court from entertaining this cause of action. We disagree.

While plaintiff acted promptly in bringing this action within four weeks after discovering the alleged fraud, we must hold that plaintiff had already relinquished any right of action for fraud by not having exercised "ordinary care" in attempting to discover fraud during the fourteen-year period between the date he received the stock in 1961 and the death of Rohrich in late 1975.[4] During this entire period of more than fourteen years, plaintiff did not attend stockholders' meetings, did not inquire as to the fiscal stability of the enterprise of which he was allegedly part owner, did not ask for a periodic accounting, or did not even inquire of Rohrich or Steele (or anyone else) as to the market value of the stock. The only explanation for this complete indifference on plaintiff's part may lie in the fact that plaintiff paid nothing for the stock and did not believe it would have value until after Rohrich's death.

The Court will not protect an individual who will not act reasonably to protect himself and who has slept on whatever rights he may have had. We therefore hold that plaintiff's claim for fraud is barred by the statute of limitations. D.C.Code, 1973, § 12–301.

### B. *The Claim of Negligence.*

Plaintiff next alleges that defendant Answering and its deceased officer Rohrich are liable for the negligent overissue of the stock. Plaintiff argues that it is the responsibility of the corporation and its officers to know how many shares are available

for issuance. This is of course true. Any overissue, plaintiff states, if not fraudulent, was a negligent act which proximately injured plaintiff because the certificate was worthless.

Section 12–301 provides a three-year limitation upon the commencement of negligence actions. In ordinary negligence actions, such as this case, the D.C. statute begins to run at the time the plaintiff suffers injury. *Fort Myers Seafood Packers v. Steptoe & Johnson, et al.,* 127 U.S.App.D.C. 93, 381 F.2d 261, 262 (1967).

The plaintiff in this action suffered injury, if at all, on the date (October 9, 1961) that the certificate was issued. Therefore, since approximately fourteen years have elapsed between the injury, if it existed, and the commencement of this action, plaintiff's claim for negligence is again barred by the statute. D.C.Code, 1973, § 12–301.

### C. *The Breach of Contract Claim.*

Plaintiff further argues that defendants Answering and Rohrich are liable for breach of an alleged contract to pay plaintiff a bonus. Plaintiff asserts that the performance by defendants in the form of the transfer of a void certificate represents a breach of contract, and that the defendants' fraud and concealment of the fact that the certificate was improperly issued and therefore void, stayed the running of the statute of limitations until the plaintiff discovered this defect.[5] Whether or not there was a contract to pay a bonus, which we do not have to decide, plaintiff's basic claim is that concealment of the alleged breach was a fraud which tolled the statute. In our previous discussion under paragraph "A.

---

**4.** We are not unmindful that D.C.Code, 1973, § 12–305 tolls the statute in an action against the estate of a deceased individual for the period between the date of death and the granting of letters testamentary. This provision dictates that we compute the term of plaintiff's inactivity from October 9, 1961, the date of stock receipt, to December 7, 1975, the date of Rohrich's death, instead of from the date of the receipt to the date of the filing of this action.

**5.** Plaintiff, apparently assuming that the stock certificate constitutes a contract, avers that the certificate is a sealed instrument and that the twelve (12) year statute of limitations governing sealed instruments should apply. D.C. Code, 1973, § 12–301(6). We need not reach the issue as to whether the certificate is sealed, for even if the twelve-year limitation is applied, plaintiff's cause of action would be barred, since more than fourteen years have elapsed since the transfer of the certificate.

Fraud" we have disposed of this type of claim and need not consider it further.

D. *Equity.*

Finally, plaintiff alleges that he is entitled to equitable relief in the form of a declaratory judgment that the stock certificate is valid, or in the alternative an order of this Court requiring the Corporation to issue a new valid certificate.

 As we have noted above, an equitable remedy will be withheld where the applicable statute of limitations bars the concurrent legal remedy. *Cope v. Anderson,* 331 U.S. 461, 464, 67 S.Ct. 1340, 91 L.Ed. 1602 (1947). Since concurrent jurisdiction does exist, and the statute of limitations has barred plaintiff's requests for legal relief, equity will follow the law and be controlled by the applicable statute of limitations. Therefore, plaintiff's equitable cause of action will not lie.

Even if the statute of limitations were not a bar, the doctrine of laches would still operate to prevent the grant of equitable relief. The doctrine of laches stems from the principle that equity aids the vigilant. It is designed to promote diligence and to prevent the enforcement of stale claims. Defendants, due to plaintiff's failure to take timely action, have been seriously prejudiced in their defenses. The death of Rohrich alone is an example of the prejudice caused defendants by plaintiff's dilatory conduct. Plaintiff has shown no facts which would make equitable relief proper or appropriate.

*Counterclaim.*

Answering counterclaims for the return of the void certificate so that the certificate might be cancelled, hence, avoiding future potential liability.

If certificates of stock are issued illegally, or by an officer fraudulently or without authority, and the circumstances are such that they are void or voidable, the corporation may cancel them, or they may be cancelled by a court of equity in a suit brought for that purpose by the corporation. Fletcher Cyc. Corp. (Perm.Ed.) § 5166.

In view of our determination that plaintiff's claims for relief are barred by the statute of limitations, plaintiff has no proprietary interest in the stock. The certificate, as any overissued security, is void and worthless. *Scovill v. Thayer,* 105 U.S. 143, 26 L.Ed. 968 (1882).

Therefore, to avert any claim by a future transferee of the stock, we hold that the certificate should be returned to the corporation for cancellation. See 18 C.J.S. Corporations § 249.

An Order consistent with the above has been entered this day.