41 F.3d 200
 30 Fed.R.Serv.3d 1452
 Abraham REID, Plaintiff-Appellee,
v.
UNIVERSAL MARITIME SERVICE CORPORATION, Defendant-Appellant.
Director, Office of Workers' Compensation Programs, United
States Department of Labor, Amicus Curiae.
 No. 94-1198.
 United States Court of Appeals,
Fourth Circuit.
 Argued Sept. 27, 1994.
Decided Dec. 5, 1994.
 
 ARGUED: Stephen Edward Darling, Sinkler & Boyd, P.A., Charleston, SC, for appellant. Joseph Francis Runey, Charleston, SC, for appellee. Joshua Thomas Gillelan, II, Sr. Atty., Office of the Sol., U.S. Dept. of Labor, Washington, DC, for amicus curiae. ON BRIEF: Thomas S. Williamson, Jr., Sol. of Labor, Carol A. De Deo, Associate Sol., Office of the Sol., U.S. Dept. of Labor, Washington, DC, for amicus curiae.
 Before WILKINSON, HAMILTON, and LUTTIG, Circuit Judges.
 Affirmed by published opinion. Judge WILKINSON wrote the opinion, in which Judge HAMILTON and Judge LUTTIG joined.
 OPINION
 WILKINSON, Circuit Judge:
 
 
 1
 Universal Maritime Services Corporation ("Universal") appeals a supplemental compensation order entered as a penalty for late payment of an award under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. # 8E8E # 901-950. The question in this case is whether payments to injured workers under the LHWCA must be made within ten calendar days or ten business days from the date of the award to avoid the late payment penalty provision of 33 U.S.C. Sec. 914(f). We reject the contention that Fed.R.Civ.P. 6(a)'s standard of "business days" controls the computation of time in this case and hold that the unqualified reference to "ten days" in Sec. 914(f) means ten calendar days. Since Universal's payment was not made within ten days, we affirm the entry of judgment of the supplemental compensation order.
 
 I.
 
 2
 Abraham Reid was injured on December 24, 1992, while working for Universal as a longshoreman at the Port of Charleston, South Carolina. Reid and Universal negotiated a settlement which provided $7,797.60 in disability compensation and $4,702.40 for medical care, as well as attorney's fees. A District Director of the Department of Labor approved the settlement pursuant to 33 U.S.C. Sec. 908(i)(1) and issued a compensation order on August 31, 1993. The award became due on that date. Fourteen days later, on September 14, 1993, Universal issued checks to Reid and his attorney for the amount due under the award.
 
 
 3
 Believing that Universal's payment was late, Reid sought a supplemental compensation order and declaration of default pursuant to Sec. 918(a). He argued that because payment had not been made within ten days, a twenty percent penalty prescribed by 33 U.S.C. Sec. 914(f) was still owing and in default. The District Director agreed and issued a "Supplemental Compensation Order--Declaration of Default" on September 30, 1993, granting roughly $1,560 in additional compensation.
 
 
 4
 Three months later, Reid filed a certified copy of the order in federal district court in South Carolina, which entered a default judgment on December 30, 1993 against Universal for the amount of the penalty. On January 24, 1994, Universal moved for relief from judgment under Fed.R.Civ.P. 60(b) on the ground that payment of the settlement award was timely because it was made within ten business days. The district court did not rule on the motion, and Universal brought a timely appeal to this court.
 
 II.
 
 5
 Section 914(f) of the LHWCA imposes a penalty for late payment of compensation awards. It provides in pertinent part:
 
 
 6
 [i]f any compensation, payable under the terms of an award, is not paid within ten days after it becomes due, there shall be added to such unpaid compensation an amount equal to 20 per centum thereof....
 
 
 7
 33 U.S.C. Sec. 914(f) (emphasis added). We start with the view that the statute means what it says--that ten days is ten twenty-four hour periods as a day is commonly understood. "Congress may well be supposed to have used language in accordance with the common understanding." Union P. R. Co. v. Hall, 91 U.S. 343, 347, 23 L.Ed. 428 (1875). Given its commonly accepted import, the language of the statute is clear. To find that it means anything other than simply "ten days," we need to add the word "business" or some similar language. Some affirmative basis for adding such language must exist before the statutory time period can be thus extended.
 
 
 8
 In order to reach the conclusion that payment within ten days actually means ten "business" days, Universal attempts to link Sec. 914(f) of the LHWCA to Fed.R.Civ.P. 6(a)'s rule for computation of time. Its argument follows a tortuous path through various rules and statutory provisions. First, Universal notes that Sec. 914(f) is enforced through Sec. 918(a). It points to the Fifth Circuit's decision in Tidelands Marine Service v. Patterson, 719 F.2d 126 (5th Cir.1983), which held that orders based on Sec. 914(f) are "in substance ... 'supplementary order[s] declaring the amount of the default' " under Sec. 918(a). Id. at 128 n. 3.
 
 
 9
 Universal then links Sec. 918 to the Federal Rules of Civil Procedure. Rule 81(a) provides that the Federal Rules apply to "proceedings for enforcement or review of compensation orders under the [LHWCA] Secs. 918, 921, except to the extent that matters of procedure are provided for in that Act." Fed.R.Civ.P. 81(a)(6). If Sec. 914(f) is part of Sec. 918(a), Universal argues, then Rule 81(a) governs it as well, since no procedure for computing time appears in the Act itself. Finally, through Rule 81(a) Universal reaches Federal Rule 6(a), which states that "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Fed.R.Civ.P. 6(a). If the Federal Rules do indeed govern Sec. 914(f) orders, then the "ten days" in which awards must be paid is actually ten "business" days by the operation of Rule 6(a). See Quave v. Progress Marine, 912 F.2d 798, 800 (5th Cir.1990). After traveling this circuitous statutory course, Universal concludes that because its payment was made within ten business days, it was timely.
 
 
 10
 We do not agree. The Federal Rules do not govern the computation of the ten day payment period in Sec. 914(f). Rule 81 does not even mention Sec. 914(f), and there is a good reason why this is so. Rule 81(a)(6) expressly states that the Federal Rules apply to "proceedings for enforcement or review ... under the [LHWCA] Secs. 918, 921...." Fed.R.Civ.P. 81(a)(6) (emphasis added). Periods for payment under Sec. 914(f) are simply not "proceedings for enforcement or review." Section 921(e) provides that "proceedings" under the LHWCA are exclusively contained in Sec. 918 and Sec. 921. 33 U.S.C. Sec. 921(e). Thus, Sec. 914(f) is substantive, not procedural, in nature. It needs a Sec. 918 or Sec. 921 proceeding to be given effect. When examining a Sec. 914(f) penalty enforced through a Sec. 918(a) order, the Federal Rules apply to the Sec. 918 enforcement procedure, but they do not apply to the underlying substantive penalty being enforced.*
 
 
 11
 Once we reject the proposed link between Sec. 914(f) and Rule 6(a), we are left with the original proposition that "ten days" means, after all, ten days. In addition, we cannot accept the attempt of the employer in this case to retrieve from the judicial branch what it was unable to achieve in the legislative arena. In 1981, Congress considered and rejected an amendment to Sec. 914(f) of the Act which would have extended the time period from ten to fifteen days. See LHWCA Amendments of 1981: Hearings on S. 1182 Before the Subcomm. on Labor, Sen. Comm. on Labor & Human Resources, 97th Cong., 1st Sess. (1981). The proposed extension to fifteen days appeared in the original bill, was discussed in the hearings, and did not appear in the final bill that emerged from committee and was embodied as the 1984 Amendment to the LHWCA. The attempt to achieve judicial results where legislative efforts have been unavailing is nothing more than a prescription for augmenting the influence of the courts at the expense of a healthy climate of democracy.
 
 
 12
 Finally, we note that the Director of the Office of Workers' Compensation Programs supports our ten calendar day interpretation. Because we find that the meaning of "ten days" is clear, however, we need not rely on the deference owed administrative interpretations of ambiguous statutory provisions. See Chevron U.S.A. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842-45, 104 S.Ct. 2778, 2781-83, 81 L.Ed.2d 694 (1984).
 
 
 13
 For the foregoing reasons, the entry of judgment by the district court of the District Director's supplemental compensation order is
 
 
 14
 AFFIRMED.
 
 
 
 *
 For example, the reference in Sec. 918(a) to "thirty days" as the starting point for default is governed by the computation of time as specified in Fed.R.Civ.P. 6(a). By contrast, references to time periods in substantive provisions which are enforced through Sec. 918, such as Sec. 908 or Sec. 914, are not