Plaintiff James E. Triner appeals from the judgment of the trial court which determined that he is entitled to recover 240 calendar days, and not 240 business days, of severance pay from defendant Pressco Technology, Inc. ("Presco"). For the reasons set forth below, we affirm.
On April 6, 1992, plaintiff began work as Pressco's Vice President of Technology. He was subsequently discharged from Pressco in connection with Pressco's acquisition of Intelligent Inspection Systems, Inc. On August 28, 1997, Triner filed this action against Pressco, alleging that Pressco owed him additional compensation pursuant to the severance pay and annual bonus pay provisions of his employment agreement. Pressco denied liability.
On April 22, 1998, Triner moved for partial summary judgment and asserted that he was entitled to compensation for 240 business days, not 240 calendar days.[1] Pressco also filed a motion for summary judgment and an alternative motion to dismiss this claim for relief.
The undisputed evidence of record demonstrated that on October 1995, Triner and Pressco entered into an employment agreement. This document designated plaintiff an at-will employee. In addition, Section 3 of this agreement set forth Pressco's obligation to provide severance pay and provided in relevant part as follows:
 If Company desires to terminate Associate's employment for any reason other than Associate's criminal activity, Company shall pay Associate two hundred forty (240) days severance pay, based upon Associate's base salary immediately preceding such termination.
* * *
 (d) If the Company (or any successor thereto) shall terminate Associate's employment within ninety (90) days of a Change in Control (as hereinafter defined), Company (or its successor) shall pay Associate as severance pay his base salary, and other benefits payable hereunder, for a period of eighteen (18) months after the date of such termination.
The undisputed evidence further demonstrates that on April 11, 1996, Triner was discharged from Pressco for reasons unrelated to criminal activity. Thereafter, Pressco paid Triner in accordance with his base salary over the next 240 calendar days. Triner objected and asserted that he is entitled to payment for 240 work days, or 69 additional days.
Triner maintained that the severance payment provision is ambiguous and must be construed against Pressco. He further asserts that the agreement must be explained with reference to his understanding and the definition of "Work Hours" and "Open Hours," contained within a separate document, Pressco's Associate's Guidebook which states:
 The Pressco workweek consists of an eight hour day, 40 hour week, beginning on Sunday morning and ending on Saturday night. Our published "open hours" for customers are 8:00 A.M. to 5:00 P.M. weekdays.
Pressco maintained that the severance pay provision clearly and unambiguously requires payment only over the course of 240 calendar days. In a supplemental brief, Pressco presented the transcript of a tape recording, made by Triner, in which Triner informed Pressco officials days after his termination, that he believed that he was entitled to eight months of compensation, or approximately 240 calendar days.
On August 21, 1998, the trial court granted Pressco's motion for summary judgment. Triner now appeals and assigns a single error for our review.
Triner's assignment of error states:
 DR. TRINER IS ENTITLED TO 240-DAY SEVERANCE PAY AS PROMISED TO HIM AND RELIED UPON BY HIM IN HIS EMPLOYMENT AGREEMENT.
Within this assignment of error, Triner complains that he was entitled to severance payment for 240 business days and not his usual compensation over the course of 240 calendar days.
As to procedure, we note that the party seeking summary judgment bears the burden of showing that no genuine issue of material fact exists for trial. Celotex Corp. v. Catrett (1986),477 U.S. 317, 330, 106 S.Ct. 2548, 2556; Mitseff v. Wheeler
(1988), 38 Ohio St.3d 112, 115. However, the nonmoving party must produce evidence on any issue for which that party bears the burden of production at trial. Wing v. Anchor Media, Ltd. ofTexas (1991), 59 Ohio St.3d 108, 111; Celotex, supra, at 322-323, 106 S.Ct. at 2552-2553.
This court reviews the lower court's granting of summary judgment de novo. Koos v. Cent. Ohio Cellular, Inc. (1994),94 Ohio App.3d 579, 588.
Further, as to the substantive claims raised herein, we note that the construction of written contracts and instruments of conveyance is a matter of law. Latina v. Woodpath DevelopmentCo. (1991), 57 Ohio St.3d 212, 214.
When contract language must be construed, the overriding purpose is to give effect to the intent of the parties.Graham v. Drydock Coal Co. (1996), 76 Ohio St.3d 311,313; Trader v. People Working Cooperatively, Inc.
(1994), 104 Ohio App.3d 690, 694; Yaroma v. Griffiths
(1995), 104 Ohio App.3d 545, 552. The intent of the parties is presumed to reside in the language they choose to employ in the agreement. Id.; Graham v. Drydock Coal, Co., supra.
Further, common words appearing in a written instrument will be given their ordinary meaning unless a manifest absurdity results, or unless some other meaning is clearly evidenced from the face or overall contents of the instrument. Alexanderv. Buckeye Pipe Line Co. (1978), 53 Ohio St.2d 241, paragraph two of the syllabus. Accord Olmstead v.Lumbermens Mut. Ins. Co. (1970), 22 Ohio St.2d 212,217-218 (the terms "collapse," and "landslide" were unambiguous and the ordinary definitions for these terms prevailed).
In this instance, the parties' employment agreement provides for 240 days severance pay. The agreement also states that if Triner's employment were terminated within 90 days of a change in control, he is entitled to compensation for a period of eighteen months. It also states that Pressco must reimburse Triner for all expenses within thirty days of presentation and that within thirty (30) days, Pressco was to provide Triner with a leased automobile. Within the provision outlining vacation, Pressco authorizes fifteen days of vacation per year, then discusses "consecutive business days of vacation."
From the foregoing, we conclude that the severance compensation provision with the employment agreement uses the common word "day," and this provision, perhaps unlike the vacation provision, is to be given its ordinary meaning. The term is therefore given to mean a twenty four hour period; it is not to be modified or otherwise construed to provide for compensation for 240 business days. Accord Reid v.Universal Maritime Service Corp. (C.A.4 1994),41 F.3d 200, 201:
 We start with the view that the statute means what it says — that ten days is ten twenty-four hour periods as a day is commonly understood. `Congress may well be supposed to have used language in accordance with the common understanding. ' Union P.R. Co. v. Hall, 91 U.S. 343, 347, 23 L.Ed. 428 (1875). Given its commonly accepted import, the language of the statute is clear. To find that it means anything other than simply `ten days,' we need to add the word `business' or some similar language. Some affirmative basis for adding such language must exist before the statutory time period can be thus extended. (Construing 33 U.S.C. § 914(f)).
Triner complains that the term day actually means "business days" in light of the language pertaining to vacation authorization. However, that provision also specifically mentions "business days." Moreover, although we are not called upon to construe the vacation authorization portion of the agreement, it may well be that a manifest absurdity would result from including off duty days as vacation days, thus exempting this particular provision from the common meaning of the term "day." Cf. Alexander v. Buckeye Pipe Line Co.
Triner insists that the term is ambiguous and must be construed against the draftor, Pressco. Triner relies upon varius cases interpreting the Worker Adjustment and Retraining Notification Act ("WARN") which find the term "days" ambiguous and construe it to mean work days rather than calendar days in deriving back pay awards.
As an initial matter, there was absolutely no evidence to demonstrate that Pressco drafted the Employment Agreement. Rather, in his deposition. Triner indicated that the parties jointly negotiated various terms including severance payment, then memorialized their understanding. Further the WARN cases Triner relies upon did find an ambiguity in language which in turn lead the courts to apply the meaning which best accorded with Congressional intent. See, e.g., Frymire v. Ampex Corp.
(C.A.10 1995), 61 F.3d 757, 772. In this instance, if we accept the claim of ambiguity and then proceed to examine the parties' intent, the undisputed facts demonstrate that an eight month period, i.e., 240 calendar days was intended. Although Triner complains that the Associate's Manual caused him to intend that he would be awarded 240 business days of severance compensation, the employment agreement specifically prohibits reliance on any other agreement. In any event, this manual does not define the term "days."
For the foregoing reasons, the assignment of error is without merit and the judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CORRIGAN, J., CONCURS.
KARPINSKI, J., DISSENTS (SEE
ATTACHED DISSENTING OPINION)
 ____________________ ANN DYKE PRESIDING JUDGE
[1] Triner subsequently dismissed his remaining claim for relief.