UNITED STATES of America,
Plaintiff,

and

State of New York, et al.,
Plaintiff–Intervenors,

v.

AMERICAN ELECTRIC POWER
SERVICE CORP., et al.,
Defendants.

Ohio Citizens Action, et al., Plaintiffs,

v.

American Electric Power Service
Corp., et al., Defendants.

Nos. C2–99–1182, C2–99–1250.

United States District Court,
S.D. Ohio,
Eastern Division.

March 30, 2001.

Jon A. Mueller, Leslie B. Bellas, Thomas A. Mariani, Jr., Steven D. Ellis, U.S. Department of Justice, Environmental Enforcement Section, Land & Natural Resources Division, Washington, DC, for Plaintiffs in Case No. C2–99–1182.

Gary D. Greenwald, Shayne & Greenwald, Columbus, OH, J. Jared Snyder, D. Scott Bassinson, New York Attorney General's Office, Albany, NY, Howard Geduldig, Kevin P. Auerbacher, Dante DiParro, John R. Renella, Mary E. Costigan, New Jersey Attorney General, Trenton, NJ,

Richard Blumenthal, Kimberly P. Massicotte, Judith A. Merrill, Connecticut Attorney General's Office, Hartford, CT, Dianne H. Sanford, Erick Titrud, Vermont Attorney General, Montpelier, VT, Maureen D. Smith, New Hampshire Attorney General, Concord, NH, Frederick D. Augenstern, Massachusetts Attorney General, Environmental Protection Division, Boston, MA, J. Van Lear Dorsey, Maryland Attorney General, Department of the Environment, Baltimore, MD, Tricia K. Jedele, Mark Sciarrotta, Rhode Island Attorney General, Providence, RI, for Intervening Plaintiffs in Case No. C2–99–1182.

Donald M. Miller, American Electric Power Service Corporation, Columbus, OH, Alvin J. McKenna, Lisa L. Eschleman, R. Leland Evans, James B. Hadden, Porter, Wright, Morris & Arthur, Columbus, OH, for Defendants in Case Nos. C2–99–1182 and C2–99–1250.

Stephen P. Samuels, Samuels & Northrop, Columbus, OH, Nancy S. Marks, Mitchell S. Bernard, Natural Resources Defense Council, Inc., New York City, David Hawkins, Natural Resources Defense Council, Inc., Washington, DC, David Wooley, Clean Air Task Force, Young Sommer LLC, Albany, NY, Albert Ettinger, Donald Rosenblum, Susan Hedman, Environmental Law & Policy Center of the Midwest, Chicago, IL, David T. Buente, Jr., Kathryn Thomson, Timothy Webster, Sidley & Austin, Washington, DC, for Plaintiffs in Case No. C2–99–1250.

## OPINION AND ORDER

SARGUS, District Judge.

The original Complaint in these now-consolidated proceedings was filed November 3, 1999, on behalf of the Administrator of the United States Environmental Protection Agency (EPA) pursuant to provisions of the Clean Air Act (CAA), 42 U.S.C. § 7401, et seq., against the six defendant companies who are the owners and/or operators of five different coal-fired electric generating plants (Tanners Creek, Muskingum River, Cardinal, Mitchell, and Phillip Sporn) located in Indiana, Ohio, and West Virginia. In six separate claims for relief, EPA alleged violations of applicable CAA restrictions in connection with, or resulting from, modifications made by defendants to specific generating units at these plants, carried out at various times since September 1978. EPA sought both injunctive relief and civil penalties in accordance with specific provisions of the CAA.

On November 18, 1999, eleven not-for-profit organizations (Citizens Groups) filed a similar law suit pursuant to 42 U.S.C. § 7604 in another branch of this court against the same six defendant companies for some of the same or similar alleged violations at the same five electric generating plants and a number of similar alleged violations at three additional plants in West Virginia (Amos, Kammer, and Kanawha River) and one in Virginia (Clinch River), each also allegedly owned and/or operated by one or more of the same defendant companies. As did EPA, the citizens groups sought both injunctive relief and civil penalties under the CAA. The citizens groups promptly moved for consolidation with the EPA's case, which was not opposed by the defendant companies, and the cases were then consolidated before this branch of the court by joint Order filed in the two cases on January 19, 2000. Case No. C2–99–1182, Doc. 16; Case No. C2–99–1250, Doc. 18.

Shortly after the citizens groups filed their complaint but before the cases were consolidated, various northeastern states, beginning with New York and Connecticut on November 29, 1999, began to seek permission to intervene as plaintiffs in EPA's case, No. C2–99–1182. These motions to intervene have all been granted, and on

April 4, 2000, the Intervenor–Plaintiffs filed an Amended Complaint (Doc. 33 [1]) so that in sum there are now eight states (New York, Connecticut, New Hampshire, New Jersey, Maryland, Massachusetts, Rhode Island, and Vermont) seeking both injunctive relief and civil penalties against the same defendant companies for basically the same or similar alleged violations of the CAA at the same plant locations originally named in the EPA and citizen groups cases, as well as two others (Conesville and General James M. Gavin) located in Ohio.

Meanwhile, on March 1, 2000, the EPA filed an Amended Complaint (Doc. 20) in which it expanded the allegations of its original Complaint to charge the same and additional, similar violations at all the plant locations originally named by both it and the citizen groups, as well as violations at Conesville. The result has been two consolidated cases with a total of three complaints against the same defendants for similar or related violations of the CAA that allegedly occurred in connection with various "modifications" at some 34 coal-fired electric generating units at eleven different plant locations in four states, over different time periods since September, 1978.

The defendant companies have now moved pursuant to Rule 12(b)(6), Fed. R.Civ.P., to dismiss substantially all of EPA's and the Intervenor–Plaintiff's claims that are related to alleged modifications initiated prior to November 1994, first on the grounds that such claims are barred by the five-year statute of limitations contained in 28 U.S.C. § 2462. Defendants'· Motion to Dismiss, Doc. 42. (The Defendants state that their motion does not address alleged violations of opacity standards contained in the Seventh and Fifteenth Claims of EPA's Amended Complaint [2] nor alleged violations of the objective emission limitations of New Source Performance Standards, contained in the Eighth and Sixteenth Claims.[3])

■ As pertinent to this case, 28 U.S.C. § 2462 provides:

Except as otherwise provided by an Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued. . . .

This is clearly a statute of limitations, and although it is not one of the enumerated defenses listed in Rule 12(b), this circuit has long followed the rule that the defense of limitations may be raised by a Rule 12 motion where the time alleged in the complaint shows that the proceeding was not brought within the applicable limitations period. See *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir.1978).

■ The basic rule is that "[a]n action by the United States in its governmental capacity ... is subject to no time limitation, in the absence of congressional enactment clearly imposing it." *E.I. DuPont De Nemours & Co. v. Davis*, 264 U.S. 456, 462, 44 S.Ct. 364, 68 L.Ed. 788 (1924). Further, where a statute of limitations is sought to be applied against the United States, it must receive strict construction in favor of the government. *Mullikin v. United States*, 952 F.2d 920, 926 (6th Cir. 1991) (citing *Badaracco v. Commissioner*, 464 U.S. 386, 398, 104 S.Ct. 756, 78 L.Ed.2d 549 (1984)). Here, the express language of the statute in question (which

---

**1.** Unless noted otherwise, document references are to their numbers in the docket of Case No. C2–99–1182.

**2.** Defendants' Memorandum in Support of Motion to Dismiss Etc., Doc. 42, p. 4, n. 5.

**3.** *Id.*, Appendix I, note a.

ordinarily is controlling, *Consumer Product Safety Comm. v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 64 L.Ed.2d 766 (1980)) applies to "an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise." As it has in other, comparable proceedings[4], the government apparently concedes the statute's applicability to the claims in this case for civil penalties; at page four of its memorandum contra the defendant's motion (Doc. 52), the government states that it "will not seek civil penalties for days of violation prior to November 3, 1994."

The Intervenor–Plaintiff States have adopted the government's arguments respecting the motion to dismiss, but not specifically the above limitation on civil penalty claims. States Memorandum in Opposition, Doc. 51, pp. 1–2. The Court concludes, however, that the states' claims are similarly limited by § 2462. If, for example, the evidence were to show that one of the earlier-modified generating units in this case had been operated only until December 31, 1989, and never thereafter, it is clear to this Court that § 2462 bars any claim for a civil penalty in this case for that last or any prior day of operation, even if such operations were in violation of the CAA.

■ On the other hand, the same can not be said for EPA's and the Intervenor–Plaintiff's claims for injunctive relief, at least insofar as the limitations contained in § 2462 are concerned. That section does not mention injunctions or equitable relief of any kind. Traditionally, "statutes of limitations are not controlling measures of equitable relief." *Banks* at 919, (quoting *Holmberg v. Armbrecht,* 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946)). Nor, does the doctrine of laches apply to the government when it sues to protect a public interest. *Nevada v. United States,* 463 U.S. 110, 103 S.Ct. 2906, 77 L.Ed.2d 509 (1983). Further, one of the principle justifications for these rules—that the public interest should not suffer for the negligence or lack of diligence of public officers—suggests that they apply as well to the claims of the Intervenor states. *Cf., Guaranty Trust Co. v. United States,* 304 U.S. 126, 132–33, 58 S.Ct. 785, 82 L.Ed. 1224 (1938). As explained by the Eleventh Circuit in *Banks,* 115 F.3d at 919, n. 6, and by the Tenth Circuit in *Telluride Co.,* 146 F.3d at 1248, application of the concurrent remedy rule[5], as argued for by Defendants, is not appropriate in cases where, as here, the United States is acting in its governmental capacity. Therefore, if the EPA and/or the Intervenors have claims for injunctive relief under provisions of the CAA, based on Defendants' operation of generating units allegedly modified in violation of the act, § 2462 is not a bar to pursuing such claims, even though the modifications may have been completed more than five years before suit was filed. See *Marine Shale Processors* at 1357; *Telluride* at 1248; *Banks* at 919.

■ Defendants also move to dismiss under Rule 12(b)(6), arguing in effect that EPA and the Intervenor states have no claims under the CAA for the *operation* of modified generating units after the modifications have been completed, although

4. See *United States v. Marine Shale Processors,* 81 F.3d 1329, 1357 (5th Cir.1996); *United States v. Telluride Co.,* 146 F.3d 1241, 1244 (10th Cir.1998); see also *United States v. Banks,* 115 F.3d 916, 918 n. 2 (11th Cir.1997).

5. When an action at law or a suit in equity may be brought on the same facts, "equity will withhold its relief ... where the applicable statute of limitations would bar the concurrent legal remedy." *Cope v. Anderson,* 331 U.S. 461, 464, 67 S.Ct. 1340, 91 L.Ed. 1602 (1947).

such modifications may have been made without a permit required under the Act.

A motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) "should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). All well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Mayer v. Mylod,* 988 F.2d 635, 637 (6th Cir.1993). While a court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshall,* 898 F.2d 1196, 1199 (6th Cir. 1990), the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987). Consequently, a claim is not properly dismissed pursuant to Rule 12(b)(6) unless there is no law to support it, the facts alleged are insufficient to state such a claim, or (as in the case of § 2462 with certain of the civil penalty claims here) there is an insurmountable bar on the face of the complaint.

In this case, the EPA expressly relies on 42 U.S.C. §§ 7413(b)(1) and (b)(2) and § 7477 as authority on which to proceed against the Defendants in the circumstances it alleges. Amended Complaint, ¶ 7. As pertinent here, § 7413(b) provides as follows:

The administrator shall, as appropriate, in the case of any person that is the owner or operator of ... a major stationary source ... commence a civil action for a permanent or temporary injunction, or to assess a civil penalty ..., or both, in any of the following instances:

(1) Whenever such person has violated, or is in violation of, any requirement or prohibition of an applicable implementation plan or permit....

(2) Whenever such person has violated, or is in violation of, any other requirement or prohibition of this subchapter,[6] section 7603 of this title, subchapter IV–A,[7] subchapter V,[8] or subchapter VI[9] of this chapter, including, but not limited to, a requirement or prohibition of any rule, order, waiver or permit promulgated, issued, or approved under this chapter....

Section 7477 provides:

The Administrator shall, and a State may, take such measures, including issuance of an order, or seeking injunctive relief, as necessary to prevent the construction or modification of a major emitting source which does not conform to the requirements of this part,[10] or which is proposed to be constructed in any area designated pursuant to section 7407(d) of this title as attainment or unclassifiable and which is not subject to an implementation plan which meets the requirements of this part.

The Intervenor states rely for their authority to proceed on § 7477, above, and on 42 U.S.C. § 7604(a), which provides in pertinent part:

---

**6.** Subchapter I, Programs and Activities, of Chapter 85, Air Pollution Prevention and Control: 42 U.S.C. §§ 7401–7515.

**7.** Acid Disposition Control, 42 U.S.C. §§ 7651–7651o.

**8.** Permits, 42 U.S.C. §§ 7661–7661f.

**9.** Stratospheric Ozone Protection, 42 U.S.C. §§ 7671–7671q.

**10.** Part C, Prevention of Significant Deterioration of Air Quality, of Subchapter I, Programs and Activities: 42 U.S.C. §§ 7470–7492.

Except as provided in subsection (b) of this section, any person [11] may commence a civil action on his own behalf—

\*\*\*\*\*\*\*\*\*

(3) Against any person who proposes to construct or constructs any new or modified major emitting facility without a permit required under part C of subchapter I of this chapter (relating to significant deterioration of air quality) or part D [12] of subchapter I of this subchapter (relating to nonattainment) or who is alleged to have violated (if there is evidence that the alleged violation is repeated) or to be in violation of any condition of such permit.

The express language of these statutory provisions, especially § 7413(b) respecting the EPA Administrator, is plainly a broad authorization for court proceedings against "any person" alleged "to have violated" or "to be in violation of" a wide range of requirements imposed by the CAA and/or state and federal regulations adopted pursuant to it. It is true that § 7477 is narrower in specifically authorizing suit for injunctive relief "to prevent construction or modification" of a major emitting source that is not in compliance, but that can not reasonably be interpreted to limit by implication the Administrator's otherwise expressly granted authority to proceed in court against a broad range of both past and current violations. Similarly, the Intervenor states' authority under § 7604(a) to commence a civil action against a person "who constructs" a modified major emitting facility without a required permit is not limited by the authority those states may also have under § 7477 to take measures, including to obtain injunctive relief,

to prevent the undertaking of such a modification, beforehand.

Both the Defendants and the EPA have offered arguments based on legislative history related to the CAA and its 1990 amendments.[13] However, it is the language of the statute itself that is the starting point for the Court's analysis. See *Good Samaritan Hospital v. Shalala,* 508 U.S. 402, 409, 113 S.Ct. 2151, 124 L.Ed.2d 368 (1993). "[I]f the intent of Congress is clear, that is the end of the matter." *Ibid.,* quoting *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). Further, our circuit has stated that "resort to judicially created rules of statutory construction is appropriate only in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intention of its drafters ... or when the statutory language is ambiguous.'" *Nixon v. Kent Co.,* 76 F.3d 1381, 1386 (6th Cir.1996) (en banc), quoting *Kelley v. E.I. DuPont de Nemours & Co.,* 17 F.3d 836, 842 (6th Cir.1994). In the Court's view, the sum of the legislative history as cited by the parties is less than unambiguous support for either sides' position, but resolution of that issue is not required in this instance. This Court considers that the language of the statutory provisions in question here is clear. There is, therefore, no need to resort to legislative history. See *Toibb v. Radloff,* 501 U.S. 157, 162, 111 S.Ct. 2197, 115 L.Ed.2d 145 (1991).

As pointed out above, the statute of limitations contained in 28 U.S.C. § 2462 limits to five years the time in which civil penalties may be sought for days in viola-

---

**11.** Section 7602(e) defines the term "person" to include "State."

**12.** Plan Requirements for Nonattainment Areas, 42 U.S.C. §§ 7501–7515.

**13.** See Defendants' memorandum in support, Doc. 42, pp. 35–39; United States' memorandum in opposition, Doc. 52, pp. 38–40.

tion of CAA provisions. However, neither § 2464 nor applicable CAA provisions purport to limit the time in which injunctive relief may be sought for either past or present violations. So far as limitations and CAA provisions are concerned, if the EPA or the Intervenor states may seek injunctive relief respecting an un-permitted modification to a major emitting source on the day after such modification is completed—and this Court concludes that they may—then they may also seek such relief weeks, months, or even years later. The nature and/or the extent of appropriate injunctive relief might well change because of the lapse of time, just as it would no doubt change depending on whether the modification was still operative, but those are issues for resolution on the facts of the particular case, not a bar to presenting such issues for resolution at all.

Except for the bar of limitations as to claims for civil penalties based on more than five-year-old violations, this Court has not found the necessary basis to dismiss any of the thirty claims in EPA's Amended Complaint or the thirty-four claims of the Amended Intervenor Complaint. As to none of the claims can it be said at this point that there is "no set of facts" that might be proved in support of the claim so as to entitle EPA or a state to some form of the relief sought. The Court therefore concludes that all claims of both Plaintiff United States and Intervenor–Plaintiff states for civil penalties based on alleged violations more than five years prior to the date such claim was first pled in this case are barred by the provisions of 28 U.S.C. § 2462 and should be dismissed. As to all remaining claims of the amended complaints, both for injunctive relief and for civil penalties, the Court finds that § 2462 is not a bar and that there is law and sufficient facts are alleged that such claims are not subject to dismissal pursuant to Defendants' Rule 12(b)(6) motion.

Consistent with the foregoing, Defendants' Motion To Dismiss EPA's and the Northeast States' Amended Complaints In Part (Doc. 42) is GRANTED in part and DENIED in part. Also, for the reasons set forth in the Opinion and Order issued in Case No. C2–99–1250, Defendants' Motion To Dismiss the Private Advocacy Groups' Amended Complaint (Doc. 41 in this case) is GRANTED in part and DENIED in part.

SO ORDERED.